1   DANIEL G. BOGDEN
    United States Attorney
2   District of Nevada
    Nevada Bar No. 2137
3   DANIEL D. HOLLINGSWORTH
    Assistant United States Attorney
4   Nevada Bar No. 1925
    United States Attorney's Office
5   333 Las Vegas Boulevard South, Suite 5000
    Las Vegas, Nevada 89101
6   Telephone: 702-388-6336
    Facsimile: 702-388-6787
7   Email: *Daniel.Hollingsworth@usdoj.gov*
    Attorneys for the United States of America
8

9

10                      **UNITED STATES DISTRICT COURT**

11                           **DISTRICT OF NEVADA**

12   UNITED STATES OF AMERICA,            )
                                          )
13                  Plaintiff,            )
                                          )
14          v.                            )   2:13-CR-0102-RCJ-(PAL)
                                          )
15   AMIR ABUKHATER,                      )
                                          )
16                  Defendant.            )

17      **UNITED STATES OF AMERICA'S MOTION TO CORRECT CLERICAL ERROR FOR
        FAILING TO ATTACH THE SETTLEMENT AGREEMENT AS TO AMIR ABUKHATER
18      AND PRELIMINARY ORDER OF FORFEITURE TO THE JUDGMENT
                      IN A CRIMINAL CASE (ECF NO. 51)**
19

20          The United States of America ("United States"), by and through its attorneys, Daniel G. Bogden,

21   United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States

22   Attorney, respectfully moves this Court to correct the clerical error of failing to attach the Settlement

23   Agreement as to Amir Abukhater and Preliminary Order of Forfeiture to the Judgment in a Criminal

24   Case (ECF No. 51) ("Judgment") under Fed. R. Crim. P. 32.2(b)(4)(B) and 36.

25          The basis for attaching the Settlement Agreement as to Amir Abukhater and Preliminary Order

26   of Forfeiture to a Judgment in a Criminal Case is Fed. R. Crim. P. 32.2(b)(4)(B) and 36, which provide

1   that this Court attach and include the forfeiture order in the Judgment. The United States requests this

2   Court to attach the Settlement Agreement as to Amir Abukhater and Preliminary Order of Forfeiture to

3   the Judgment.

4          This Motion is made and is based on the papers and pleadings on file herein and the attached

5   Memorandum of Points and Authorities.

6          DATED this 16th day of December, 2014.

7                                                              Respectfully submitted,

8                                                              DANIEL G. BOGDEN
                                                               United States Attorney
9

10                                                             _/s/ Daniel D. Hollingsworth_
                                                               DANIEL D. HOLLINGSWORTH
11                                                             Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF THE FACTS**

On December 12, 2014, this Court entered the Judgment in a Criminal Case (ECF No. 51) ("Judgment"). The proposed Settlement Agreement as to Amir Abukhater and Preliminary Order of Forfeiture (ECF No. 50) was filed on December 10, 2014, but has not been signed and ordered by this Court to date, and was not attached to the Judgment.

**II. ARGUMENT**

"The court **must** also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B) (emphasis added). "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

> Federal Rule of Criminal Procedure 36 provides that after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment. We have noted and now conclude that the omission of a forfeiture from the judgment ... can be remedied under Rule 36.

*United States v. Zorrilla-Echevarria*, 671 F.3d 1, 9-10 (1st Cir. 2011) (citations, quotation marks, and brackets omitted; ellipsis in the original). "The failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36." *Id*. at 10. (citation, quotation marks, and brackets omitted) (quoting *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). "This conclusion is reinforced by a 2009 amendment to Rule 32.2 ..., providing that the court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected *at any time* under Rule 36." *Id*. (citation, quotation mark, and brackets omitted; ellipses added; emphasis in original); *see Watson v. United States*, Nos. 3:01-CR-55, 3:08-CV-522, 3:01-CR-71, 3:08-CV-523, 2011 WL 4708804, 6 (E.D. Tenn. October 4, 2011) (stating the district court can include a forfeiture order in the Judgment at any time if it failed to do so previously).

. . .

After the Settlement Agreement as to Amir Abukhater and Preliminary Order of Forfeiture is signed, ordered, and entered, it must be attached to or included in the Judgment. Fed. R. Crim. P. 32.2(b)(4)(B).  The Judgment does not have the Settlement Agreement as to Amir Abukhater and Preliminary Order of Forfeiture attached to or included.  This failure was a clerical error which can be, and is legally authorized to be, corrected under Fed. R. Crim. P. 32.2(b)(4)(B) and 36.

The United States requests the forfeiture order be signed, ordered, entered, and attached to and included in the Judgment.

**III.  CONCLUSION**

Based on the foregoing, this Court should sign, order, enter, and attach the forfeiture order to the Judgment.

DATED this 16th day of December, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

 */s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

ORDER

IT IS SO ORDERED this 30th day of December, 2014.

_____
ROBERT C. JONES

4