**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:13-CR-0102-RCJ-(PAL) |
| AMIR ABUKHATER, | ) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT AS TO AMIR ABUKHATER AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and AMIR ABUKHATER and his counsel, Kevin Stolworthy, stipulate as follows:

The defendant knowingly and voluntarily:

A.   Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following assets pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(B) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Sections 853(a)(1) and (a)(2):

    1. $8,540 in United States Currency;

    2. $250 in United States Currency;

    3. a Ruger P95 9mm pistol (serial number 31573888);

4. a Norinko SKS 7.62 Caliber (serial number 9019273);
5. a bag containing miscellaneous ammunition and seven (7) magazines;
6. an SKS magazine;
7. miscellaneous ammunition and four (4) 9 mm magazines;
8. a 2006 white 2 Door Chevrolet (VIN 3GCEC14X76G146278) bearing NV license plate 541 YJJ;
9. Tanita model 1479 scale;
10. miscellaneous scales and broken PC boards;
11. 3 Yusuf VHS tapes and 1 cassette with Arabic writing;
12. 2 Address books, cardboard with phone numbers, social security card, expired Driver's License, Passport, credit card;
13. Documents with phone numbers and a letter;
14. Piomax ADS-100 scale;
15. 2 dog tags;
16. 2 2GB SD cards;
17. Samsung Cricket cell phone;
18. Kyocera Cricket cell phone;
19. HP Laptop (serial number CNF7391JCS);
20. Toshiba Laptop (serial number 2B099982W);
21. Sanyo cell phone;
22. Sanyo cell phone;
23. Cricket cell phone, black;
24. Cricket cell phone;
25. Samsung cell phone;
26. Miscellaneous DVDs and black DVD case;

(all of which constitutes "property");

B.  Abandons or forfeits the property to the United States;

C.  Relinquishes all right, title, and interest in the property;

D.  Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property ("proceedings");

E.  Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

F.  Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

G.  Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property;

H.  Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I.  Waives his right to a jury trial on the forfeiture of the property;

J.  Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K.  Agrees to the entry of an Order of Forfeiture of the property to the United States;

L.  Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M.  Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture; and

N. The defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

This Court finds defendant AMIR ABUKHATER agreed to the forfeiture of the property set forth in this Settlement Agreement.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in this Settlement Agreement and the offenses to which AMIR ABUKHATER pled guilty.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(B) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Sections 853(a)(1) and (a)(2):

1. $8,540 in United States Currency;
2. $250 in United States Currency;
3. a Ruger P95 9mm pistol (serial number 31573888);
4. a Norinko SKS 7.62 Caliber (serial number 9019273);
5. a bag containing miscellaneous ammunition and seven (7) magazines;
6. an SKS magazine;
7. miscellaneous ammunition and four (4) 9 mm magazines;
8. a 2006 white 2 Door Chevrolet (VIN 3GCEC14X76G146278) bearing NV license plate 541 YJJ;
9. Tanita model 1479 scale;
10. miscellaneous scales and broken PC boards;
11. 3 Yusuf VHS tapes and 1 cassette with Arabic writing;
12. 2 Address books, cardboard with phone numbers, social security card, expired Driver's License, Passport, credit card;

13. Documents with phone numbers and a letter;

14. Piomax ADS-100 scale;

15. 2 dog tags;

16. 2 2GB SD cards;

17. Samsung Cricket cell phone;

18. Kyocera Cricket cell phone;

19. HP Laptop (serial number CNF7391JCS);

20. Toshiba Laptop (serial number 2B099982W);

21. Sanyo cell phone;

22. Sanyo cell phone;

23. Cricket cell phone, black;

24. Cricket cell phone;

25. Samsung cell phone;

26. Miscellaneous DVDs and black DVD case;

(all of which constitutes "property");

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of AMIR ABUKHATER in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state

the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Lloyd D. George United States Courthouse
> 333 Las Vegas Boulevard South, Suite 5000
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED after the property is forfeited in the criminal case and the Final Order of Forfeiture is entered, within a practicable time thereafter for the United States, the United States will return the following property to AMIR ABUKHATER pursuant to this Settlement Agreement:

1. a 2006 white 2 Door Chevrolet (VIN 3GCEC14X76G146278) bearing NV license plate 541 YJJ;

2. 3 Yusuf VHS tapes and 1 cassette with Arabic writing;

3. 2 Address books, cardboard with phone numbers, social security card, expired Driver's License, Passport, credit card;

4. Documents with phone numbers and a letter;

5. 2 dog tags;

6. 2 2GB SD cards;

7. Samsung Cricket cell phone;

8. Kyocera Cricket cell phone;

9. HP Laptop (serial number CNF7391JCS);

10. Toshiba Laptop (serial number 2B099982W);

11. Sanyo cell phone;

12. Sanyo cell phone;

13. Cricket cell phone, black;

14. Cricket cell phone;

15. Samsung cell phone;

16. Miscellaneous DVDs and black DVD case;

DATED: Dec. 10, 2014

KEVIN STOLWORTHY
Counsel for AMIR ABUKHATER

DATED: December 10, 2014

DANIEL G. BOGDEN
United States Attorney

/s/DanielDHollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: December 30, 2014

7